The Honorable Gilbert Baker State Senator #17 Cooper Lane Conway, AR 72034
Dear Senator Baker:
You have requested an opinion on the following question concerning the Historic Districts Act (A.C.A. § 14-172-201 et seq. (Repl. 1998)):
 Does the appeals process set forth in A.C.A. § 14-172-212, pertaining to Historic Districts, preclude a city council from adding language to its adopting ordinance allowing optional mediation as an alternative to a court appeal?
RESPONSE
It is difficult to address this question without knowing precisely what is contemplated by the "optional mediation." Your question as worded is somewhat unclear in this regard. If by "optional mediation as an alternative to a court appeal" you mean that persons making application to the historic district commission ("commission")[1] would somehow forego their appeal right by agreeing to mediation, I believe this would be contrary to A.C.A. § 14-172-212. It is my opinion that regardless of any "optional mediation" process, an "aggrieved" applicant retains the right to appeal a commission decision to court as provided by subsection14-172-212 (a), which states:
 a) (1) Any applicant aggrieved by the determination of the historic district commission, within thirty (30) days after the making of the decision, may appeal to the chancery court of the county wherein the property is located.
 (2) The court shall hear all pertinent evidence and shall annul the determination of the commission if it finds the reasons given for the determination to be unsupported by the evidence or to be insufficient in law and may make such other decree as justice and equity may require.
A.C.A. § 14-172-212(a) (Repl. 1998).
In my opinion, this appeal right is triggered by the commission's decision and is unaffected by any other process that might be established by local ordinance with respect to an application for a certificate of appropriateness. See n. 1, supra.
This is not to say that a city cannot include a mediation provision in its ordinance establishing a historic district.[2] Indeed, all state and local agencies and officials are authorized and encouraged by state law to use "dispute resolution processes," including mediation, in resolving disputes. See A.C.A. § 16-7-203 (Supp. 2003). I cannot opine further in this regard, however, without considering the specific provision in question. Regarding your particular question concerning the appeal process under A.C.A. § 14-172-212, I believe it may be stated, generally, that mediation would not be inimical to this process as long as an aggrieved applicant retains the right to appeal a commission decision to court as provided therein. No definitive answer is possible, however, without considering the particular ordinance and the "optional mediation" provision.
Assistant Attorney General Elisabeth A. Walker prepared the foregoing opinion, which I hereby approve.
Sincerely,
MIKE BEEBE Attorney General
MB:EAW/cyh
[1] Once a "historic district" is established under the Historic Districts Act, no building or structure within the district may be constructed or altered until an "application for a certificate of appropriateness" is approved by the commission for the district. A.C.A. §14-172-208. The process and standard governing the commission's determination are set forth in A.C.A. § 14-172-209.
[2] It should perhaps be noted additionally in this regard that while the use of mediation in connection with applications under the Historic Districts Act generally would be authorized, the mediation process necessarily must involve only non-binding recommendations, as the final decision rests with the commission, in my opinion, pursuant to A.C.A. §14-172-209, subject to appeal as noted above.